JS-6

CHARLES J. VINICOMBE (appearing *pro hac vice*)
NOLAN B. TULLY (appearing *pro hac vice*)
ALEXIS N. BURGESS (SBN 279328)
DRINKER BIDDLE & REATH LLP
1800 Century Park East, Suite 1400
Los Angeles, CA  90067-1517
Telephone:   (310) 203-4000
Facsimile:   (310) 229-1285
charles.vinicombe@dbr.com
nolan.tully@dbr.com
alexis.burgess@dbr.com

Attorneys for Defendant
HARTFORD LIFE AND ANNUITY
INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| BIPIN BHAKTA, an individual,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HARTFORD LIFE AND ANNUITY INSURANCE COMPANY, a Connecticut corporation; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No. 8:14-cv-00351-DOC-AN<br><br>[~~PROPOSED~~] JUDGMENT FOR DEFENDANT<br><br>**[Concurrently filed with Notice of Motion and Motion; Memorandum of Points and Authorities; Separate Statement of Uncontroverted Facts; Declaration of Nolan B. Tully; [Proposed] Order Granting Defendant's Motion; Application to File Under Seal; and [Proposed] Order Granting Application to File Under Seal]**<br><br>Date:  March 2, 2015<br>Time:  8:30 a.m.<br>Dept.:  9D |

The Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment (the "Motion") filed by Defendant Hartford Life and Annuity Insurance Company ("Defendant") against plaintiff Bipin Bhakta's ("Plaintiff") Complaint came on for hearing on March 2, 2015 before the Honorable David O. Carter in Department 9D of the above-entitled Court.  Charles Vinicombe of Drinker Biddle & Reath LLP appeared on behalf of Defendant, and Michael Horrow of Donahue & Horrow, L.L.P. appeared on behalf of Plaintiff.  For the reasons stated in Defendant's Memorandum of Points and Authorities, and based on the authority cited therein and all of the admissible evidence presented, the Motion was **GRANTED**.  Accordingly, and good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. Judgment in the above-captioned action is hereby entered in favor of Defendant and against Plaintiff such that Plaintiff shall take nothing by his Complaint; and

2. Defendant shall recover its costs in an amount to be determined in accordance with Federal Rule of Civil Procedure 54(d).

_March 4, 2015_____  
Date

_/s/ David O. Carter_____  
United States District Judge